995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanford SMITH, Petitioner,
v.
OLIVER COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-1718.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 22, 1992
Decided: June 7, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (90-2290-BLA, 89-1559-BLA)
 Stanford Smith, Petitioner Pro Se.
 Mark Elliott Solomons, Laura Metcoff Klaus, Arter & Hadden, Washington, D.C.; Barbara J. Johnson, Russell Alan Shultis, United States Department of Labor, Washington, D.C., for Respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir. 1990), we held that a miner is entitled to recover black lung benefits if he proves by a preponderance of the evidence that pneumoconiosis was at least a contributing cause of his totally disabling respiratory impairment. 914 F.2d at 38. In light of this contributing cause standard, the sole issue on appeal is whether the Administrative Law Judge (ALJ) or the Benefits Review Board (Board) adequately determined that Stanford Smith's pneumoconiosis did not contribute to his totally disabling respiratory impairment. We are of opinion that neither the ALJ nor the Board adequately addressed the contributing cause standard enunciated in Robinson so we remand for specific findings not inconsistent with this opinion.
 
 
 2
 Smith applied for Federal Black Lung Benefits on April 2, 1984, alleging that he last worked in the coal mines on March 2, 1984. After a formal hearing on June 12, 1990, the ALJ found that Smith was employed as a coal miner for 27 years and 4 months. The ALJ also found that Smith had pneumoconiosis and that the pneumoconiosis arose from Smith's coal mine employment.[1] Based on these findings, the decisive question, according to the ALJ, was whether Smith's totally disabling respiratory impairment was due to his pneumoconiosis or to his cigarette smoking. In denying Smith benefits, the ALJ stated: "I find claimant has failed to prove that his pulmonary impairment arose out of coal mine employment...."[2]
 
 
 3
 Smith subsequently appealed this decision to the Board, and the Board rendered its decision on May 27, 1992. In affirming the ALJ's decision, the Board stated:
 
 
 4
 While the administrative law judge did not specifically refer to the contributing cause standard, he stated ... that "several physicians ... uniformly found claimant was totally disabled because of cigarette smoking, not from coal dust exposure." Inasmuch as the administrative law judge properly credited the opinions of Drs. Garzon and Hippensteel that claimant's total respiratory disability was due to smoking because they explained their conclusions on the basis that claimant suffered from an obstructive impairment characteristic of smoking, rather than a restrictive impairment characteristic of pneumoconiosis, and inasmuch as the Board is not empowered to reweigh the evidence or substitute its inferences for those of the administrative law judge, we affirm the administrative law judge's denial of benefits as supported by substantial evidence and in accordance with applicable law.
 
 
 5
 In reviewing the decision of an ALJ, the Board is bound by the ALJ's findings of fact provided that the facts are supported by substantial evidence in the record considered as a whole. See Wilson v. Benefits Review Board, 748 F.2d 198, 199-200 (4th Cir. 1984). In reviewing a decision of the Board, we determine whether the Board committed an error of law and whether the Board adhered to its proper scope of review. See Newport News Shipbuilding v. Harris, 934 F.2d 548, 550 (4th Cir. 1991). We are of opinion that the Board both committed an error of law and did not adhere to its scope of review in reaching its decision.
 
 
 6
 First, although the Board realized that the ALJ had not considered the contributing cause standard, the Board erred in adopting the same question as did the ALJ as follows:
 
 
 7
 "The decisive question is whether claimant's disabling respiratory impairment arose out of coal mine employment or was due to cigarette smoking."
 
 
 8
 Having stated the question so that it must be found one way or the other and not consider contributing cause, the Board then relied on the ALJ's crediting of two witnesses, Doctors Garzon and Hippensteel. In this case, and especially in a case in which there is acknowledged pneumoconiosis arising out of coal mine employment and acknowledged total disability, framing the question so as to necessarily exclude a patent cause which may well be contributing is error. Having found pneumoconiosis attributable to coal mine employment, the ALJ necessarily had to determine whether Smith's pneumoconiosis contributed to his respiratory impairment. The ALJ did not make this determination, and consequently the Board should have remanded the case for a specific finding under the contributing cause standard.
 
 
 9
 The Board also failed to adhere to its scope of review by placing, as did the ALJ, heavy reliance on the opinions of Drs. Garzon and Hippensteel to support the implicit finding that pneumoconiosis was not a contributing cause of Smith's pulmonary impairment. Dr. Garzon examined Smith on two occasions, one in December 1985 and the other in January 1986. From the first examination Dr. Garzon concluded that Smith had a severe obstructive ventilatory defect, and from the second Dr. Garzon diagnosed "COPD with changes of pneumoconiosis." In neither case did Dr. Garzon state that smoking was the sole cause of Smith's respiratory problem. In February 1988 Dr. Garzon, in response to a letter and without conducting another examination, reviewed medical records of Smith submitted to him. From this review, Dr. Garzon stated
 
 
 10
 It is therefore possible to state with a reasonable degree of medical certainty, that:
 
 
 11
 ...
 
 
 12
 2. That in Mr. Smith's case it is most likely that the respiratory impairment is due to cigarette smoking rather than coal dust exposure.
 
 
 13
 ...
 
 
 14
 5. It does not appear that Mr. Smith's chronic respiratory impairment has arisen from coal dust exposure. Everything points to tobacco abuse as the culprit in this case.
 
 
 15
 (emphasis added). Although this diagnosis generally favors smoking as the principal cause of the respiratory problem, this diagnosis does not eliminate pneumoconiosis as a contributing factor and thus fits squarely within our holding in Robinson. Although smoking may have been the main factor behind Smith's respiratory problem, this will not eliminate Smith from collecting black lung benefits if pneumoconiosis also contributed to the development of the respiratory problem. It does not make any difference from what cause the impairment arose; the key question is whether pneumoconiosis contributed to the disability. See Robinson, 914 F.2d at 38 (stating that when disability may have arisen from cause other than pneumoconiosis, benefits are inappropriate only when other cause alone would have disabled claimant to same degree and by same time in life).
 
 
 16
 As for Dr. Hippensteel, he only reviewed Smith's medical records and never personally examined Smith. Furthermore, his diagnosis of no pneumoconiosis directly contradicted the ALJ's findings. Both of these factors detract from the weight of Dr. Hippensteel's opinion. Under Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984), the opinion of a non-treating, non-examining physician does not constitute substantial evidence and should be discounted when totally contradicted by other evidence. We need not depend on Gordon alone, however, for in the instant case, Dr. Hippensteel stated in direct contradiction to the ALJ that Smith did not have pneumoconiosis. This underscores the fact that Dr. Hippensteel, in reaching his conclusions, is bound to have determined that pneumoconiosis was not a contributing factor to Smith's respiratory problem for it did not exist. So his evidence, although depended upon by the Board and the ALJ, read in that light, has little weight, if any.
 
 
 17
 A further review of the ALJ's opinion and the record on appeal illustrates the failure of the ALJ or the Board to adequately address the contributing cause standard. The ALJ's opinion and the record indicate that from 1984 to 1990 fourteen doctors passed judgment on Smith's condition.[3] A review of these doctors reports reveals an interesting pattern. Seven of the fourteen doctors actually examined Smith, and all diagnosed pneumoconiosis.[4] The other seven doctors did not examine Smith, and all diagnosed no pneumoconiosis based on a review of Smith's medical records.[5] The discrepancies between the examining physicians and the reviewing physicians combined with the ALJ's unequivocal finding (affirmed by the Board) that Smith has pneumoconiosis, gives us further reason for remanding this case for a specific finding that pneumoconiosis either did or did not contribute to Smith's respiratory disability.
 
 
 18
 Accordingly, the decision of the Board is vacated and this case is remanded to the Board for further remand to an ALJ, if appropriate, to ascertain whether or not Smith's acknowledged disability was contributed to by his acknowledged pneumoconiosis. Upon remand, the parties may introduce additional evidence if they be so advised.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 Under 20 C.F.R. § 718.203(b) Smith's employment in the coal mines for more than 10 years entitles him to a rebuttable presumption that his pneumoconiosis arose from his coal mine employment. Oliver Coal neither challenged nor appealed the ALJ's finding of pneumoconiosis or the causal relationship arising from the rebuttable presumption. Accordingly, the Board affirmed these findings
 
 
 [2]
 The ALJ reached his decision on September 7, 1990. Accordingly, it is not surprising that the ALJ did not address Robinson 's contributing cause standard because Robinson was not handed down until September 12, 1990. However, the ALJ also did not address Scott v. Mason Coal Co., 14 BLR 1-37 (1990) (en banc), decided June 22, 1990, and rejecting an "in and of itself" requirement in favor of a contributing cause standard
 
 
 [3]
 A fifteenth doctor, Dr. Proffitt, x-rayed Smith on April 6, 1971 and diagnosed no pneumoconiosis
 
 
 [4]
 The ALJ included five of the examining doctors' reports in his opinion. These were Drs. Kanwal (May 9, 1984), Smiddy (May 1, 1985), Garzon (December 18, 1985 and January 15, 1986), Robinette (March 9, 1988), and Dahhan (June 6, 1988). The reports of the other two examining doctors, Drs. Hawkins (December 18, 1985), and Westerfield (August 25, 1986), are found in the record
 
 
 [5]
 The ALJ's opinion listed the reports of three of the non-examining doctors. These doctors were Drs. Castle (February 22, 1988), Fino (March 23, 1990), and Hippensteel (May 16, 1990). The reports of the other four doctors, Drs. Wheeler (January 3, 1990), Scott (January 26, 1990), Wiot (February 16, 1990), and Templeton (March 1, 1990), are found in the record